This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ILDEFONSO HERNANDEZ,**

Worker-Appellant,

v.                                                          NO. 29,369

**ED MANZANARES d/b/a ED'S FRAMING,**
**and WCA UNINSURED EMPLOYERS' FUND,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Juanita Roibal-Bradley, Workers' Compensation Judge**

Annie-Laurie Coogan
Santa Fe, NM

for Appellant

Ed Manzanares
Santa Fe, NM

Pro Se Employer/Appellee

Amee Hogan
Albuquerque, NM

for Appellee WCA Uninsured Employer's Fund

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Worker seeks to appeal the order of the workers' compensation administration (WCA) sustaining the certificate of eligibility determination and dismissal of the recommended resolution. We issued a notice of proposed summary disposition, proposing to affirm. Worker has filed a response to our notice. We have considered Worker's response and are not persuaded that our proposed analysis was incorrect. We therefore affirm.

Our notice proposed to hold that we cannot excuse the untimeliness of the request for review of the certificate. We stated that without a showing that Worker sought to escape the consequences of his attorney's failure to file a timely request through personal diligence that the attorney thwarted, Worker is bound by the inaction of his counsel. *See Adams v. Para-Chem Southern, Inc.*, 1998-NMCA-161, ¶ 15, 126 N.M. 189, 967 P.2d 864. We stated that there is no indication that Worker argued his attorney thwarted his efforts to seek review and there is no indication that it occurred.

In response to our notice, Worker represents that he contacted the law firm he retained "on several . . . occasions over the next several months" following his retention of the firm, asking about the status of his appeal. [MIO 2] Worker states that the firm told him that the matter had been appealed and that they would let him know

2

what happened. [Id.] Worker further states that in September or October of 2007, he asked the firm for a copy of the appeal, and that the firm told Worker that he was rushing them and that they would not represent him if he bothered them. [Id.] Worker discovered "several months after the fourteen day appeal period had elapsed" that no appeal had been filed. [Id.]

Worker does not state that he sought an extension to seek review or otherwise sought appropriate relief that would permit him to demonstrate personal due diligence that was thwarted. *See Adams*, 1998-NMCA-161, ¶¶ 8, 12-15, 21-24 (discussing relief sought for exceptional circumstances considered under Rule 1-060(B) NMRA for the gross negligence of a party's attorney). Even assuming that Worker has properly raised this matter, Worker's representations fall short of the requisite showing that his attorney thwarted his efforts to timely seek review of the certificate. Worker's representation do not specifically and clearly demonstrate personal due diligence that was thwarted during the fourteen-day period for him to seek review. Therefore, we hold that Worker is bound by the inaction of his counsel.

Worker also argues that the fourteen-day time limit for seeking review of the certificate violates his right to due process. [MIO 2-3] Our notice recognized that Worker has not explained how the time limit violates due process. We observed that he does not state that he lacked notice or opportunity to appeal, for example. In fact,

Worker sought and retained counsel within plenty of time to request review of the certificate. In response, Worker restates that the fourteen-day time period for seeking review of the certificate of eligibility determination has been expanded since he sought review. [MIO 2] Worker also states that time limits for other actions within the workers' compensation act are significantly greater. [Id.] Worker does not, however, demonstrate that the time limit in the regulation lacks any rational relationship to a legitimate government interest. *Cf. Cummings v. X-Ray Assocs.*, 1996-NMSC-035, ¶¶ 17, 21, 121 N.M. 821, 918 P.2d 1321 (describing the standard for a constitutional challenge to the time limit applicable for bringing claims of medical malpractice). Worker again does not allege that he lacked notice or opportunity to appeal. This is not a sufficient showing that the applicable regulation violates due process.

For the reasons stated above and in our notice, we affirm the order of the WCA.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

4

_____

**ROBERT E. ROBLES, Judge**